UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP LYNN CAPPS,<br><br>    Petitioner,<br><br>    v.<br><br>R. NDOH, Warden,<br><br>    Respondent. | No. 2:16-cv-0981-EFB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.[2]

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Petitioner's application for leave to proceed in forma pauperis is granted.

petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges his 2002 judgment of conviction entered in the Trinity County Superior Court in case number 02F031.  ECF No. 1 at 2.[3]  The court has examined its records, and finds that petitioner challenged the same judgment of conviction in an earlier action.  Specifically, in *Capps v. Guirbino*, No. 2:06-cv-1431-MDS (E.D. Cal.), the court considered petitioner's challenge to the same judgment of conviction.  *See Capps*, ECF No. 31 (December 16, 2008 order denying petitioner's application for a writ of habeas corpus).  Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive.

Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition.  Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction.  *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and no certificate of appealability shall issue.

DATED:  June 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.